IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DEMETRIUS CURTIS**                                                                     **PETITIONER**

v.                                        **5:14CV00156 DPM/HDY**

**RAY HOBBS, Director of the**
**Arkansas Department of Corrections**                                **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or


> other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

In November of 2013 Demetrius Curtis filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Curtis alleged that he had served his sentence and the Arkansas Department of Corrections ("ADC") has erroneously calculated his release date. The parties agreed that Curtis was originally sentenced to a ten year term of imprisonment in 2001 for simultaneous possession of drugs and firearms and possession of a controlled substance. The respondent contended the petitioner had not yet served his sentence because he had "repeatedly" absconded from parole. Docket entry no. 18, page 1, *Curtis v. Hobbs,* Case No. 4:13cv00638. The undersigned recommended dismissal of the case in a Report and Recommendation dated March 20, 2014, finding that the calculation of a state sentence was first a matter for the state courts. Therefore, the petition was dismissed without prejudice and Mr. Curtis was allowed to pursue relief in state court. The Report and Recommendation was adopted by United States District Judge D. P. Marshall Jr. on April 11, 2014, and judgment was entered.

On April 28, 2014, Mr. Curtis filed another petition for writ of habeas corpus. A review of the petition and his amended petition (docket entries nos. 2 & 6) reveals that he once again is alleging that his release date has passed and yet he is still incarcerated. This is the same claim raised in Case No. 4:13cv00638[1].

---

[1]The respondent notes that Case No. 4:13cv00638 is being appealed by Mr. Curtis.

The respondent urges dismissal of this petition for two reasons: (1) Mr. Curtis is attempting to raise a claim in a second or subsequent petition that was presented in a prior application in contravention of 28 U.S.C. §2244(b)(1); and (2) Mr. Curtis should be required to first exhaust his state court remedies regarding the calculation of his sentence, as the Court ruled in the earlier case.

We recommend dismissal for the same reasons cited in Case No. 4:13cv00638. Mr. Curtis must exhaust his available state court remedies as required by 28 U.S.C. § 2254(b) & ©.

Based upon the foregoing, we recommend that the petition for writ of habeas corpus be dismissed without prejudice to allow the petitioner to seek appropriate relief in state court, and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this   21   day of May, 2014.

_____
UNITED STATES MAGISTRATE JUDGE